## George Yates, Appellee, v. John D. Phillips, Appellant.

### Gen. No. 6,577.   (Not to be reported in full.)

Appeal from the Circuit Court of Peoria county; the Hon. JOHN
M. NIEHAUS, Judge, presiding.  Heard in this court at the April
term, 1918.  Affirmed.  Opinion filed July 25, 1918.  *Certiorari* de-
nied by Supreme Court (making opinion final).

### Statement of the Case.

Action by George Yates, plaintiff, against John D.
Phillips, defendant, for damages for injury to his leg
received while endeavoring to lead a fractious, un-
broken colt belonging to his employer, the defendant.
From a judgment for $2,500, upon remittitur of $2,500,
defendant appeals.

QUINN & QUINN and JESSE BLACK, JR., for appellant.

CLARENCE W. HEYL, SHELTON F. McGRATH and
HARRY C. HEYL, for appellee.

MR. JUSTICE CARNES delivered the opinion of the
court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1659*—*when error in rendering verdict
is cured by remittitur.*  Error on the part of a jury in rendering
a verdict for a certain amount in a personal injury action, on the
erroneous assumption that plaintiff was entitled to recover for a
permanent injury, is cured by a remittitur where there is no sug-
gestion that the judgment is then excessive.

2. MASTER AND SERVANT, § 717*—*when giving of warning of in-
tention to let loose of rope attached to colt is question for jury.*
It was a question for the jury, in an action by a servant against his
master for personal injuries alleged to be due to the master letting
loose, without warning, of a rope with which they were taking a
large, unbroken colt out of a barn, as the result of which the rope
at once wrapped around plaintiff's leg, causing it to be thrown
against a post, whether defendant warned plaintiff before letting

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

go of the rope, where the evidence as to such warning was conflicting.

3. MASTER AND SERVANT, § 717*—*when question for jury whether master negligent in failing to warn servant of intention to let loose of rope attached to colt.* It was a question for the jury, in an action by a servant against his master for personal injuries, alleged to be due to the master letting loose, without warning, of a rope with which they were taking a large, unbroken colt out of a barn, as the result of which the rope became wrapped about one of the servant's legs and threw it against a post, whether the letting loose of the rope without warning was something that an ordinarily prudent man would not have done under the same or similar circumstances.

4. TRIAL, § 199*—*when refusal to direct verdict is proper.* It is proper to refuse to direct a verdict, in an action for personal injuries, where the evidence is conflicting.

5. NEGLIGENCE, § 133*—*when defendant may prove part of charge.* In actions for torts, plaintiff may prove part of his charge if there be enough proof to sustain it.

6. PLEADING, § 183*—*what defect must be taken advantage of by special demurrer.* If a count in a declaration avers different sets of facts, either of which will justify a recovery, advantage of that defect must be taken by special demurrer.

7. INSTRUCTIONS, § 151*—*when refusal proper.* It is not error to refuse requested instructions covered by the main charge.

8. MASTER AND SERVANT, § 799*—*when instruction on liability of master letting loose of rope attached to unbroken colt without warning employee is properly refused.* An instruction, in an action by a servant against his employer to recover damages for personal injuries, alleged to be due to the master letting loose, without warning, of a rope with which they were taking a large, unbroken colt out of a barn, as the result of which the rope at once wrapped around plaintiff's leg, causing it to be thrown against a post, that if at the time and under the circumstances a reasonable and prudent man in the place of defendant would have believed there was danger in longer holding onto the rope, then the defendant, if he acted on a fear of receiving great bodily injury and released his hold, would not be liable for damages to the plaintiff as the result of his letting go the rope, was properly refused.

NIEHAUS, J., took no part.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.